IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

    ALIA ISBELL

    Plaintiff,

vs.

    UNUM LIFE INSURANCE COMPANY OF AMERICA

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Alia Isbell, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Alia Isbell, is a natural person and citizen of the State of Colorado, with a current address of 12590 West Dakota Avenue, #304, Lakewood, Colorado 80228.

2. Defendant Unum Life Insurance Company of America ("Defendant Unum") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. Defendant is a foreign corporation and is incorporated in Maine. Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plans at issue (specifically those providing long-term disability benefits and for waiver of life insurance premiums). The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Yankee Candle ("Yankee"). The Plan, which provides *inter alia* long-term disability benefits (LTD) and premium waiver benefits for a life insurance policy is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the plan has delegated to Unum its obligation to make all benefit decision at issue in this claim.

4. Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the life insurance policy) exceeds $75,000.00.

5. At all pertinent times Plaintiff was a full-time employee of Yankee and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD and for premium waiver of her life insurance benefits subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

7. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA plan. Jurisdiction is also proper in that the parties are citizens of different states, and the amount in controversy, including unpaid LTD benefits and the value of life

insurance policy, interest, fees, costs and penalties, if any, exceed the jurisdictional limit of this Court of $75,000.00.

8. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

9. At all pertinent times, Plaintiff was employed by Yankee as a store manager, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10. Beginning in or around 2019-2020, Plaintiff was disabled from her position at Yankee due to multiple health issues including but not limited to bilateral hip dysplasia and ligamentum tears (with related issues causing severe pelvic pain).

11. These medical conditions prohibit Plaintiff from continuing to perform the requirements of her job on a regular and consistent basis, as well as from any other job for which she is reasonably qualified, due to pain, restrictions and limitations on walking, standing and lifting, and fatigue.

12. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, thru Unum, for premium waiver benefits for her employer sponsored life insurance policy.

13. Plaintiff also applied for LTD benefits at the same time.

14. Defendant initially approved Plaintiff's claims.

15. Defendant subsequently denied the claims for LTD and life premium waiver benefits on or about December 13, 2021.

16. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim. Plaintiff filed her appeal on or before the Plan's 180-day deadline.

17. Defendant denied Plaintiff's appeal for LTD and life premium waiver benefits on July 6, 2022.

18. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week.

19. Defendant has unreasonably refused to pay LTD and/or premium waiver benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

20. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

### FIRST CLAIM FOR RELIEF: VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS PLAINTIFF V. DEFENDANT

21. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD and premium waiver benefits, as set forth above.

22. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

23. Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

24. At all pertinent times, Plaintiff met the criteria for LTD and premium waiver benefits under the Plan because she was unable to perform the functions of her own and/or any other reasonable occupation and provided reasonable documentation (medical or otherwise) of that fact.

25. Upon information and belief, Defendant Unum also insures the Plan.

26. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

27. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

28. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and the results of a functional capacity exam;

   B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairment;

   E. Failing to reasonably interpret and apply the terms of the Plan;

      F.     Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and

      G.     Failing to conduct a reasonable investigation.

29. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

30. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD and/or premium waiver benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

      A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

      B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

      C.     Retroactive reinstatement of Plaintiff's LTD and the premium waiver and life insurance benefits and payment of all back due benefits pursuant to

    ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD and premium waiver benefits.

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F. Such other and further relief as this Court deems just and appropriate.

Dated this 21st day of July, 2022.

            Respectfully submitted,

            SILVERN & BULGER, P.C.

            *s/Thomas A. Bulger, Esq.*
            Thomas A. Bulger, Esq.
            Counsel for Plaintiff
            363 South Harlan Street, Suite 205
            Lakewood, Colorado 80226
            (303) 292-0044
            Facsimile (303) 292-1466
            counsel@silvernbulger.com

**Plaintiff's address**

12590 West Dakota Avenue, #304
Lakewood, Colorado 80228